**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| ANDERSON MANUCCI,<br><br>Petitioner,<br><br>v.<br><br>LUIS SOTO, *et al.*,<br><br>Respondents. | Civil Action No. 26-7955 (ZNQ)<br><br>**ORDER** |

This matter having come before the Court on Petitioner's habeas petition (ECF No. 1) and motion seeking a temporary restraining order (ECF No. 2), the Court having considered the petition and motion, the record of proceedings in this matter, the Response of the Government (ECF No. 7), and Petitioner's reply (ECF No. 8), and for the reasons expressed in the accompanying memorandum opinion,

**IT IS** on this 9th day of July 2026,

**ORDERED** that Petitioner's habeas petition (ECF No. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner shall be immediately released (by 9:00 p.m. EDT on July 9, 2026) under the same conditions, if any, that existed prior to his current detention, including but not limited to, release: (1) within the State of New Jersey; (2) without the imposition of additional conditions (such as ankle monitors or electronic tracking devices); and (3) with all clothing and outerwear worn at the time of detention, or other appropriate attire; it is further

**ORDERED** that Respondents shall immediately return to Petitioner (by 9:00 p.m. EDT on July 9, 2026) all personal property belonging to petitioner – including but not limited to, any driver's license, passport, immigration documents, currency, or cellphone – that was seized at the

time of detention and that is currently in their custody, possession, or control, whether maintained directly by Respondents or by any contracted or affiliated facility, and that such property shall be returned in the same condition as it existed immediately prior to Petitioner's detention; it is further

**ORDERED** that Respondents shall file declarations signed under the penalty of perjury by individuals with personal knowledge from both the United States Attorney's Office and the Department of Homeland Security on the docket by 9:00 p.m. EDT on July 9, 2026, confirming the date and time of Petitioner's release and that all of the conditions set forth above have been satisfied; it is further

**ORDERED** that Respondents are permanently enjoined from detaining Petitioner under 8 U.S.C. § 1225(b)(2) which has been found inapplicable to him; it is further

**ORDERED** that Respondents shall not arrest, detain, or otherwise take Petitioner into custody under 8 U.S.C. § 1226(a) for a period of 14 days following his release, so as to ensure full effectuation of this Court's judgment and to prevent circumvention of the relief granted; it is further

**ORDERED** that any future detention shall comply with all statutory, regulatory, and constitutional requirements, including the identification of a lawful statutory basis for detention and the provision of adequate procedural and substantive due process protections; it is further

**ORDERED** that, to the extent Petitioner wishes to seek an award of attorney fees under the Equal Access to Justice Act or any other applicable statute, he shall file an appropriate application within fourteen days; it is further

**ORDERED** that if Petitioner files a fee application, the Respondents shall file a response to it within seven days of the date on which it is filed; it is further

**ORDERED** that Petitioner's motion seeking a temporary restraining order (ECF No. 2) is **DENIED WITHOUT PREJUDICE** as moot in light of the outcome of this matter; and it is further

**ORDERED** that the Clerk of the Court shall serve a copy of this Order and the accompanying memorandum opinion upon the parties electronically, and shall **CLOSE** the file.

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**